Richmond.

HATCHER v. CREWS' ADM'R AND ALS.

APRIL 14th, 1887.

1. HOMESTEAD EXEMPTION.—Where a fraudulent conveyance of property is subsequently annulled at the suit of the creditor, the grantor is not estopped as against the creditor to assert his right to homestead in the said property. *Marshall* v. *Sears*, 79 Va. 49.

2. IDEM—*Prior claim*—*Part allowance*.—The fact that the homesteader has claimed his homestead exemption in the bankrupt court and been allowed part thereof by the assignee, does not affect his claim to the balance. *Oppenheimer* v. *Howell*, 76 Va. 218.

Appeal from decree of corporation court of Danville, rendered twenty-first April, 1885, in the suit of Crews' Adm'r against E. M. Hatcher and als. This is sequel to *Crews* v. *Hatcher*, 78 Va. 460. After the cause was returned to the said court, Hatcher claimed his homestead exemption which was denied him in the property embraced in the deed which had been annulled as fraudulent. From this decree Hatcher appealed. Opinion states the case.

*Peatross & Harris, I. H. Carrington,* and *Guy & Gilliam,* for the appellant.

*J. P. Harrison* and *W. W. Henry,* for the appellees.

HINTON, J., delivered the opinion of the court.

In June, 1878, certain creditors of the appellant, E. M.

Hatcher, filed their bill in the corporation court of Danville, in which they allege that two deeds of settlement upon Mrs. C. I. Hatcher—the one for a lot of land on Grove street, in the town of Danville, and the other for a lot on Craghead street, in said town—were made with intent to hinder, delay and defraud the creditors of her husband, the said E. M. Hatcher, and asked that they be set aside and annulled. Pending this suit, E. M. Hatcher was adjudged a bankrupt upon his own petition. Amongst the property surrendered is included a reversionary interest in some real estate held by his mother, Mrs. Updegraff, for life, which he valued at $1,500, and he expressly disclaimed all interest in the above-mentioned two lots of land, which he contended were settled on his wife. After specifying in the appropriate schedule certain articles which he asked to have allowed him under the provision of the bankrupt act exempting five hundred dollars' worth of property, he then asked, in general terms, that he might be paid, out of the proceeds of sale of the other property surrendered by him in bankruptcy, a sum of money sufficient to make to him the homestead exemption of $2,000 allowed by the statute of Virginia. On fourteenth of November, 1878, the assignee set apart to the bankrupt certain articles of personal property of the aggregate value of $74.00 as a part of his homestead, leaving a balance of $1,926 due, which has never been allowed him. After Hatcher was adjudged a bankrupt, the plaintiffs filed an amended bill asking that his assignee be made a party, and he, by his answer, submitted to the jurisdiction of the court.

On the hearing of the cause the corporation court declared the deeds of settlement upon Mrs. Hatcher to be null and void, and upon appeal to this court that decree was affirmed. See *Hatcher* v. *Crews, &c.,* 78 Va. 460.

The appellant having never been allowed a homestead

exemption in the bankrupt court, upon the return of this cause from the court of appeals, by deed dated August 8th, 1884, which was duly recorded, asserted his claim to a homestead out of the Grove-street property and in certain specified articles of personal property. But the court below decreed against Hatcher upon this point. The sole question we have to decide, therefore, is whether Hatcher, who is a resident of Danville, and a householder and head of a family, and who has only received $74 on account of his homestead exemption, is entitled to have set apart to him the remainder of $1,926 out of the property claimed. And upon this point we entertain no doubt. Indeed we regard the matter as concluded by authority.

The Constitution, section 1, Article XI., says that "every householder or head of a family shall be entitled to * * hold exempt from levy, seizure, garnisheeing, or sale under any execution, order, or other process * * * his real or personal property, or either, including money and debts due him * * * to the value not exceeding two thousand dollars," &c. And in *Shipe, Cloud & Co.* v. *Repass*, 28 Gratt. 734, this court held that where a conveyance is set aside for fraud, at the suit of the grantor's creditors, he is not estopped as against them to assert his claim of homestead in the property embraced in the deed. That decision has been affirmed and reaffirmed by the cases of *Boynton* v. *McNeal*, 31 Gratt. 459, and *Marshall* v. *Sears,* 79 Va. 49.

And section 7, Article XI., of the Constitution provides that the homestead exemption "shall be construed liberally to the end that all intents thereof may be fully and perfectly carried out."

Now, looking at these provisions and decisions, it is clear that what the householder is entitled to is a *homestead—a real exemption*, and not a mere right to claim a homestead. It conveys a substantial right, and not a mere right to make a claim which may or may not prove to be illusory. And

in *Oppenheimer* v. *Howell*, 76 Va. 218, this court held that
the debtor may supplement his original homestead by a
new one so as to make the aggregate equal to the maximum
of $2,000.

The right to have this homestead set apart to him was
not satisfied by the mere claim preferred by him in the
bankrupt court.

It can make no difference that the appellant made his
claim in the first instance in the bankrupt court. That
claim proved practically ineffectual, and we can perceive
no sensible reason that can be given for holding this claim
in the bankrupt court to deprive the appellant of his
homestead, which would not apply if made in any other
court.

*Ex nihilo nihil fit.* Hatcher is therefore, in our opinion,
entitled to have his homestead of $1,926 set apart to him
out of the property now claimed by him, and in order to
effect this, to have his assets so marshalled as that any
rents that may be due for said Grove-street property may
be paid out of the other assets of the claimant.

The decree of the corporation court of the town of Dan-
ville must be reversed, and the cause must be remanded,
to be proceeded in to final decree, in conformity with the
views herein expressed.

DECREE REVERSED.