# Richmond.

## OPPENHEIMER v. HOWELL AND ·ALS.

### February 16, 1882.

1. HOMESTEAD.—Primary object of Code 1873, ch. 183, § 7, is to authorize sale of homestead and investment of proceeds in a new one, to be held on like terms as the original. In it there is nothing to authorize debtor, who has squandered one homestead, to appropriate another against subsequent creditors.

2. IDEM—*Supplemental.*—Debtor may supplement original homestead by new one, so as to make the aggregate equal (not exceed) the maximum of $2,000.

.3. IDEM.—*This privilege,* once fully exercised, is regarded as exhausted.

4. IDEM.—*New homestead* created, determines the original one, if the property exempted under the latter remains in existence. At all events, debtor will be required to account for its value in ascertaining the amount he is entitled to under a new assignment.

5. ESTOPPEL.—If he has squandered, or does not account for, the property set apart for his original homestead, he cannot found a claim to a new one by attacking validity of the deed of his own making, which created the original.

6. CASE HERE.—H, whilst residing in L in 1874, by deed recorded, declared his intention to hold exempt as his homestead personal property to the amount of $1,468. Having removed to B and become indebted, he creates in 1878 a new homestead of property valued at $1,844.50, by recorded deed, wherein he assails the validity of his original homestead deed, without accounting for the amount thereof, thereby seeking to hold exempt from his creditors an aggregate of $3,312.50 worth of property, and obtained an injunction to restrain sale under executions levied. Creditors moved to dissolve, but the circuit court perpetuated the injunction.

HELD:

    1. Debtor must be charged with $1,468, the value of the property set apart as exempt by the original homestead of 1874.

    2. And he is entitled to enough of the property levied on to make the aggregate of his exemptions equal the maximum of $2,000; and no more.

Appeal from decree of circuit court of Bedford county, pronounced 11th September, 1878, in suit of John Howell *against* A. Oppenheimer and others, whose executions were levied by the sheriff of said county on goods of Howell in March, 1878. These goods Howell notified the sheriff he claimed as exempt under his homestead deed, which was recorded in the clerk's office of the county court of said county on 11th February, 1878, and embraced property to the amount of $1,844.50, though he had in 1874, whilst residing in Lynchburg, recorded a homestead deed, wherein he claimed as exempt personal property, mostly a stock of goods, to the amount of $1,468. He did not produce or account for the last-mentioned property. When the sheriff advertised to sell the property under these executions, he obtained an injunction. The defendants, the creditors, demurred to and answered the bill. At the hearing the circuit court perpetuated the injunction. Opinion of the court states the remaining facts and the points raised. From the decree Oppenheimer obtained an appeal to this court.

*McGuire & Ellett*, for the appellant.

*Sale & Bower*, for the appellee.

STAPLES, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Bedford county, rendered in a cause wherein the appellee was complainant and the appellants were defendants. The history of the case is as follows : In the year 1874, the appellee, then a resident of the city of Lynchburg, by deed properly executed, made his declaration and claim of homestead in certain articles of household furniture and other effects owned by him of the aggregate value of four-

teen hundred and sixty-eight dollars. Some time after this the appellee removed to the county of Bedford, and on the 11th of February, 1878, he, by another deed, claimed a homestead in certain goods, wares, and merchandise held by him as a merchant, of the value of $1,844.50.

The appellant and other creditors of the appellee recovered judgment against him in the circuit court of Bedford at the March term, 1878. Upon these judgments executions were issued and levied upon the effects embraced in the deed of 11th February, 1878.

Whereupon, the appellee obtained an injunction prohibiting a sale under these executions, upon the ground that the property was exempt from levy by reason of his declaration and claims of homestead. He insisted that the deed of 1874 was fatally defective as a declaration of homestead, because the articles therein claimed were not specifically enumerated, and a cash valuation affixed to each. And being so defective, that deed did not constitute a bar to the subsequent assertion of his homestead in other property. But whether the deed of 1874 was or was not invalid, it was determined and put an end to by the deed of 1878, and as this latter deed may also be defective, the appellee has now the right to insist upon the proper assignment of his homestead under the supervision of the court.

This is substantially the case made by the bill of injunction, so far as is necessary now to be stated.

The record does not distinctly show what has become of the property set apart under the deed of 1874. There is no doubt that the greater part, if not all, has been long since consumed, used, or alienated.

The appellee does not propose to account for its value; so that, if his present pretensions be well founded, he will have received, first and last, a homestead of the value of $3,312.50.

Although the appellee's claim. is, in a great measure, based upon the alleged defect in the deed of 1874, that deed is not produced, and is not before us.  It is impossible for us, therefore, to say whether the objections urged against it are well founded.  As it was never questioned by any one, we must presume, until the contrary is shown, that it is a valid and effectual instrument.  At all events, it subserved all the purposes for which it was intended.  Under it the appellant took and held the property, used and disposed of it,  After all this, the attempt on his part to found a claim on a defect of a deed of his own making does not commend itself to a court of conscience.  It would be difficult to find a case which called more vigorously for the doctrine of equitable estoppel.  The alleged invalidity of the deed of 1874 must, then, be thrown out of view in considering the question of the appellee's right to a new homestead.  The only provision in our statutes which has any direct bearing on that question is found in the 7th section of chapter 183, Code of 1873, and is in the following words :

" A homestead may be sold by the joint act of the husband and wife, or by the act of the householder, if unmarried, and the proceeds invested in another homestead, but in no case shall the purchaser be required to see to the application of the purchase money.  But the acquisition of a new estate of homestead shall determine any prior or other estate of homestead, and unless upon the face of the deed under which it is held it is expressed to be such homestead, it shall be so declared by deed duly recorded in like manner as in the case of an original selection of homestead."

This provision would seem to apply exclusively to homesteads in real estate.  Under succeeding sections, however, when an exemption of personal property is claimed as a

substitute, the same conditions and limitations apply to it as in case of the realty. See section 11.

A careful reading of the language just quoted clearly indicates that the primary object simply is to authorize a sale of an existing homestead and an investment of the proceeds in a new one, to be held upon like terms as the original homestead.

The precise operation and effect of this provision are by no means clear. Under it many novel questions will arise, no doubt, very perplexing to the profession and to the court. One thing is very certain, there is nothing in the language which can be construed as authority for the idea that a debtor who has received and squandered one homestead may ever against subsequent creditors claim and appropriate another. There is no doubt that if the debtor, at the time of his declaration and claims, is not possessed of property of the value of $2,000, he may afterwards, upon the acquisition of other property, go on and add to the homestead estate until the maximum amount to which he is entitled is attained. But he cannot, by successive acts, hold at one time, or at different times, property which, in the aggregate, exceeds the value of $2,000.

The various provisions of our statute carrying out this enactment show very clearly that when the constitutional privilege is once fully exercised, it must be regarded as exhausted.

If the property of the appellee claimed under the deed of 1874 was still in existence, his homestead therein would determine upon the assignment of a new homestead by the express terms of the 7th section, already quoted. Or, at all events, he would be required to account for its value in ascertaining the amount to which he is now entitled.

Is he in better condition for having wasted that property? So it would appear, if the decree of the circuit

court be sound in principle. According to this theory, the appellee may consume or dispose of the effects embraced in the deed of 1878, and the next year, and each succeeding year thereafter, as long as he can gain credit in the community, he will be entitled to have assigned him a new homestead in any after-acquired property.

Such a doctrine would be but an invitation to the perpetration of the grossest frauds upon the rights of creditors.

My opinion is, that the appellant should be charged with the value of the property held under the deed of 1874, and he is now entitled to have assigned him so much of his present effects in value as will make up the sum of $2,000.

The decree of the circuit court must, therefore, be reversed, the cause remanded to the circuit court for an account, and a decree in comformity with the views herein expressed.

The decree was as follows:

The court is of opinion that, in fixing the measure of the appellee Howell's right to a homestead in the effects seized and levied upon by the sheriff of Bedford county, the appellee is to be charged with the sum of $1,468, the value of the property set apart and claimed by him under the deed of 1874. The appellee being thus charged with the said sum of $1,468, is entitled to have set apart and assigned him as a homestead so much of the effects levied upon by the sheriff as aforesaid as will in value make up the sum of $2,000, and no more. The court is therefore of opinion that the circuit court of Bedford erred in perpetuating the appellee's injunction, by its decree of the 11th September, 1878, for which error it is decreed and ordered said decree be reversed and annulled, and that the appellee Howell do pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here.

It is further decreed and ordered that this cause be remanded to the said circuit court for an account to be taken, ascertaining the amount to which the appellee is entitled, and for further proceedings to be had in conformity with this decree.

DECREE REVERSED.