**In re Earl C. ALLEN and Eva Mae Allen, Debtor.**

**Bankruptcy No. 7–84–00165 MR.**

United States Bankruptcy Court, D. New Mexico.

Sept. 28, 1984.

John R. Douglass, Seminole, Tex., Mike Collopy, Hobbs, N.M., for debtors.

Robert Waldman, Roswell, N.M., trustee.

Craig LaBree, Hobbs, N.M., for Jack Walstad Oil.

MARK B. McFEELEY, Bankruptcy Judge.

## MEMORANDUM OPINION

This matter came before the Court on the motion to avoid a judicial lien filed by the debtors Earl C. Allen and Eva Mae Allen. As grounds for this motion, they stated that their homestead is exempt from the property of the estate pursuant to 11 U.S.C. 522(b)(1), 11 U.S.C. 522(d) and N.M.S.A. § 42–10–9 in the amount of $27,500.00. They placed a total value on the real property at $27,500.00 which would allow them to totally avoid the judicial lien on the real property in the amount of $34,021.24, filed by Jack Walsted Oil Company.

The debtor argues that because the trustee and the creditor involved failed to make an objection to the valuation placed on the real property within thirty days of the 341 meeting, that their objection to the valuation is untimely and thus may not be raised now. The creditor and the trustee argue that they are not objecting to the property being exempt, but only as to the valuation placed on the house. The question before the Court is whether an objection to valuation of property is the same as an objection to exemptions which must be made within thirty days of the 341 meeting.

This Court finds that an objection to valuation is not the same as an objection to exemptions, and thus need not be raised within thirty days of the 341 meeting in order to be timely.

On February 13, 1984, Earl C. Allen and Eva Mae Allen filed a voluntary petition for a Chapter 7 bankruptcy. On February 28, 1984, they filed a statement of financial affairs for debtors who are not in business. In this statement under Schedule B–1, they listed the value of their real property at $27,500.00. Additionally, they filed Schedule B–4 which is for property being claimed as exempt. Pursuant to 11 U.S.C. 522(d) and N.M.S.A. 42–10–9 they claimed a homestead exemption in the amount of $27,500.00. On March 21, 1984, the first meeting of creditors was held pursuant to 11 U.S.C. 341(a). On April 17, 1984, the debtors filed their motion to avoid the judicial lien. The creditor, Jack Walstad Oil, Inc. filed a response to this motion stating that the debtors are entitled to a homestead exemption pursuant to 11 U.S.C. 522(b)(1) and N.M.S.A. 42–10–9, but objected to the value placed upon the homestead. On June 11, 1984, the trustee joined in the objection to the valuation of the house.

The debtor is required to file a list of property that he claims as exempt pursuant to 11 U.S.C. 522(1), which states:

> The debtor shall file a list of property that the debtor claims as exempt under subsection b of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the party claimed as exempt on such list is exempt.

In accordance with this requirement, Bankruptcy Rule 4003(b) provides the guidelines for making such an objection to the exemptions.

> "The trustee or any creditor may file objections to the list of property claimed as exempt within thirty days after the conclusions of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the Court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.
>
> Objections to exemptions, and objections to valuation are serving two competing interests; to obtain a fair valuation of the property for the creditors and to give a debtor a prompt determination of his right to exemptions.
>
> Furthermore, any delay in a determination of exemptions only hinders a debtor's fresh start." *In re Novotny*, 17 B.R. 196 (Bkrtcy.D.S.D.1982).

The Bankruptcy Code and the Bankruptcy Rules are very explicit in protecting the rights of a debtor in providing for a prompt determination of the right to exemptions. It is for this reason that the rules provide that objections to exemptions must be made within thirty days of the 341 meeting. Objections to valuation, on the other hand, need not be completed with such expediency, nor should the creditor be required to rush out and value the debtor's property in order to protect his interests in that property.

The stated valuation of the property is completed by the debtor and his attorney. At the end of the statement of financial affairs, the following declaration is made by the debtor:

> I ... declare under penalty of perjury that I have read the foregoing schedules, consisting of _____ sheets and that they are true and correct *to the best of my knowledge and belief.* (emphasis added)

The statement of financial affairs requires a degree of good faith on the part of the debtor and his attorney, but does not protect creditors against a debtor who happens to be a "bad guessor".

It is for this reason that the Bankruptcy Code and the Bankruptcy Rules have not provided a deadline for creditors and the trustee to make their objections to the valuation of property. This Court refuses to write in such a deadline.

Several courts have addressed the issue of whether an objection to valuation of property is an objection to an exemption. The first case addressing this point is *In re Walsh*, 5 B.R. 239 (Bkrtcy.1980). This Court summarily determined that "although not captioned as an objection to the claimed exemptions, it is, in substance, an objection, because it calls into question the amounts claimed as exempt on the basis of their valuation." Several courts have explained their way around this case to come up with the desired results, but this Court refuses to follow *In re Walsh* because it is wrong. *See, In re Mary L. Hackett*, 13 B.R. 755 (Bkrtcy.1981), In the matter of *Mary A. Cipa*, 11 B.R. 968 (Bkrtcy.1981).

The United States Court of Appeals for the Fourth Circuit set up the factual predicate for this opinion. *In re Lawrence Brian Fitzgerald*, 729 F.2d 306, 11 B.C.D. 968, dealt with the situation where the debtors attempted to avoid a judgment lien on their property which was calculated by subtracting unavoidable mortgages from the property's fair market value as alleged by the debtors. While an appeal from the decision was pending, the debtors sold the property

for substantially more than the alleged value. The court stated "we have no doubt that if this sale had occurred before the Bankruptcy Court acted, the Court would have based its ruling on the factual, and not the hypothetical, equity of the bankrupts." At no time does this court state that such a factual finding as to the value of the homestead must occur within thirty days after the holding of the first meeting of creditors pursuant to 11 U.S.C. 341(a).

The Court went on to state that generally a bankruptcy court is justified in accepting an estimate of fair market value, especially when the parties agree on it. However, the Court found that a bankruptcy court should not disregard the price obtained as more reliable evidence.

This Court heard testimony on June 14, 1984, regarding the value of the homestead. This Court held for purposes of this hearing, that the fair market value of the homestead was $35,350.00. The finding of this Court, obtained through testimony of expert witnesses, is more reliable than that of the debtor's best guess, of $27,500.00.

## CONCLUSIONS

Objections to exemptions are not the same as objections to valuation in bankruptcy proceedings. This Court has the obligation of determining the fair market value of property of the estate when called into question and creditors or a trustee are not limited to so objecting within the thirty day limitation required for objections to exemptions.

This Court, therefore, will avoid the judicial lien to the extent that it infringes upon the debtors' exemptions in the amount of $27,500.00.

This constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order will enter.