962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Roger Lee EMERSON; Judy Rae Tate EMERSON, Debtors.
Roger Lee EMERSON; Judy Rae Tate EMERSON,
Plaintiffs-Appellants,
v.
HENRY G. BENNETT, JR., Trustee, Defendant-Appellee.
 No. 91-2632.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 25, 1992
Decided: May 8, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (CA-91-20-D)
 Lewis E. Goodman, Jr., Danville, Virginia, for Appellants.
 Stephen G. Bass, Carter, Craig, Bass, Blair & Kushner, P.C., Danville, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Roger Lee Emerson and Judy Rae Tate Emerson appeal from the district court's affirmance of a bankruptcy court judgment. They contend that the district court erred in construing section 34-21 of the Code of Virginia to preclude substitution of property upon which exemptions are claimed in a homestead deed. Va. Code Ann. § 34-21 (Michie 1990). We disagree and affirm.
 
 
 2
 Upon filing for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C.A. §§ 1301-1330 (West 1979 & Supp. 1991), the Emersons filed a homestead deed in which they claimed the full $5,000 exemption then allowed under Virginia law. Following conversion to Chapter 7 bankruptcy, 11 U.S.C. # 8E8E # 701-766 (1988), they filed an amended homestead deed that purported to reduce the exemptions claimed on property in the original deed and substitute exemptions claimed on other property not mentioned in the original deed.
 
 
 3
 The Emersons contend that because they filed the amended homestead deed within the deadline prescribed in section 34-17 of the Code of Virginia, the amended deed is valid. Va. Code Ann. § 34-17 (Michie 1990). The bankruptcy trustee, Appellee Henry G. Bennett, Jr., concedes that the amended deed was timely, but argues that under section 34-21 of the Code of Virginia timeliness is irrelevant. We agree. Section 34-21 provides that "[w]hen estate, real or personal, or both, has been once set apart to be held by a householder as exempt under § 34-4, he shall not afterwards be entitled to the exemption of any estate other than that so set apart or that mentioned in §§ 34-18, 34-20, 34-26, 34-27, and 34-29." The plain language of the statute supports Bennett's position. Lots Y and Z have been set apart as exempt; thus, the exemption may only be claimed on that property. The Virginia Code explicitly provides for the exemption of property purchased through the reinvestment of proceeds from the sale of exempt property. Va. Code Ann. §§ 34-7, 34-9, 34-20 (Michie 1990). In addition, Virginia common law allows additional property to be set aside where the full amount of the exemption has not been claimed, In re Sutphin, 24 B.R. 149, 149 (Bankr. E.D. Va. 1982) (citing Oppenheimer v. Howell, 76 Va. 218 (1882)), as well as readjustment of the value of property already claimed, In re Waltrip, 260 F. Supp. 448, 451 (E.D. Va. 1966). Neither statute nor case law, however, allows for substitution of exempt property. In light of the unequivocal language of section 34-21, we conclude that substitution is not permitted under Virginia law.
 
 
 4
 The district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED