**In re Fred L. SHOEMAKER, Debtor.**

**Bankruptcy No. 92–01048.**

United States Bankruptcy Court,
N.D. Alabama, S.D.

Dec. 21, 1992.

Bruce A. Burttram, Burttram & Henderson, Birmingham, AL, for debtor.

Marvin E. Franklin, Najjar, Doneburg, Birmingham, AL, for trustee.

John W. Self, for Fred L. Shoemaker.

John P. Burbach, for Tennessee River, Inc.

## MEMORANDUM OPINION

TAMARA O. MITCHELL, Bankruptcy Judge.

This matter is before the Court on a Joint Motion for Approval of Compromise filed by the Trustee, André M. Toffel, Tennessee River, Inc. (TRI), and Jeannette Hennessee, and the objection thereto filed by the Debtor, Fred L. Shoemaker, and also the Motion for Intervention filed by John W. Self, the Debtor's attorney in an action filed in the Circuit Court of Lauderdale County, Alabama. Appearing at the December 2, 1992, hearing on these matters were the Trustee, Marvin E. Franklin, attorney for the Trustee, the Debtor, Self, and Bruce A. Bruttram, attorney for the Debtor in his bankruptcy case. This Court has jurisdiction. 28 U.S.C. § 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The Court has considered the testimony and documentary evidence adduced at trial, and concludes that the Joint Motion For Approval of Compromise is due to be granted, and the Debtor's objection thereto is due to be overruled. Further, the Motion for Intervention and Motion to Deny filed by Self are due to be denied.[1]

The resolution of these matters involves the following issues:

I. Whether the Trustee's failure to object to the Debtor's claim of exemption in the amount of $1,000.00 in the proceeds from a pending lawsuit allows the Debtor to retain all the proceeds from the lawsuit, even if an award of damages exceeds $1,000.00.

If the answer to this issue is yes, then the Motion for Intervention should be granted, because the Trustee would have no claim to the proceeds in excess of $1,000.00 and Self would be entitled to assert his statutory lien against the proceeds of the lawsuit. If the answer to this issue is no, then the Trustee would retain the proceeds in excess of $1,000.00 for the benefit of the Debtor's bankruptcy estate, and Self would be left with an unsecured claim against the estate in the amount allowed by his contract with the Debtor.

II. Whether the Trustee should be allowed to settle a pending lawsuit in an amount that the Debtor claims is far less than the lawsuit's value.

## FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 11, 1992. Listed on the Debtor's Schedule B–2, Personal Property, filed with the petition was a pending lawsuit in the Circuit Court of Lauderdale County, Alabama. The lawsuit was filed against TRI and was an attempt by the Debtor to recover commissions he claimed were owed to him under several sales he had performed for TRI. The Debtor listed the value of the lawsuit as $1,000.00. On the Debtor's Schedule B–4, Property Claimed as Exempt, he listed a personal exemption of $3,000.00,[2] which included all the items of personal property listed in Schedule B–2.

By an order of the Circuit Court of Lauderdale County, Alabama, dated August 7, 1992, the Trustee was substituted as Plaintiff in the aforementioned lawsuit. The Trustee, TRI, and Hennessee filed a Joint Motion for Approval of Compromise on October 9, 1992. Under the terms of the compromise, the Trustee is to receive $25,-

---

**1.** This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

**2.** Pursuant to Bankruptcy Code Section 522(b)(2)(A), Alabama has chosen its own exemption scheme rather than the federal exemp-

tions allowed by Bankruptcy Code Section 522(d). Ala.Code § 6–10–11 (Supp.1992). Alabama law allows each debtor a $3,000.00 exemption in personal property. Ala.Code § 6–10–6 (Supp.1992).

000.00 for the Debtor's bankruptcy estate. The Trustee will also dismiss the pending lawsuit. Self filed, on behalf of himself, a Motion for Intervention and Motion to Deny on October 16, 1992. The Debtor filed an Objection to Compromise on November 13, 1992.[3]

At the hearing on these matters, Bob Wiley, executive vice-president for TRI, a clothing distributor, testified that the Debtor was an independent sales agent for TRI from 1985 through 1987. The Debtor did not operate under a written contract, though Wiley testified this was not unusual. Pursuant to the terms of the agreement between the Debtor and TRI, the Debtor was to receive a three to seven percent commission on his sales. The basis of the Debtor's lawsuit against TRI is two contracts, one with Dollar General stores and the other with Wal–Mart stores.

On the Dollar General transaction, the Debtor requested that he be paid $10,-000.00 in cash and receive $30,000.00 worth of merchandise. Wiley said this was an abnormal arrangement, but that the Debtor said he needed money quickly. Wiley testified that because of the Debtor's mistake in ordering the merchandise, the shipment did not conform to what Dollar General had requested. Dollar General accepted some goods, but returned others. Wiley testified that TRI suffered losses of $130,-000.00 because of the Debtor's mistake.

In the Wal–Mart transaction, the Debtor and TRI agreed to a certain price, and the Debtor subsequently quoted a higher price to Wal–Mart. Wal–Mart accepted the inflated price, and the Debtor asked that his commission on the sale consist of the difference between the price TRI quoted him and the price he received from Wal–Mart. TRI agreed to this, subject to a three percent reduction, labeled a "factoring cost." The Debtor refused to accept the reduction. TRI paid the commission minus the three percent reduction.

Wiley testified that TRI owes the Debtor $30,495.38, and TRI's Exhibits 1 and 2 support this figure. Wiley also testified that the Debtor's claim against TRI is offset by TRI's counterclaim of $130,000.00 based on the Debtor's mistake in the Dollar General order.

The Trustee testified that he did not object to the claim of exemption in the proceeds of the lawsuit in the amount of $1,000.00 because it did not exceed the $3,000.00 personal exemption allowed by Alabama law. However, at the meeting of creditors held pursuant to Bankruptcy Code Section 341, the Debtor told the Trustee that the lawsuit was seeking recovery of $30,000.00 in commissions. Subsequently, the Trustee, Hennessee, and TRI reached a settlement, to which the Debtor and Self objected.

The Trustee testified that one of the factors he considered in deciding to agree to the settlement was the conduct of the Debtor and Self in a prior lawsuit. The Trustee contacted Richard Vincent, a Birmingham attorney who had previously been involved as an attorney for a party in a lawsuit against the Debtor. The Trustee testified that he received a disfavorable report of Self's abilities as a litigator. Further, the Trustee testified that he was informed that the Debtor's reputation for candor was lacking. Based on this information, along with the merits of the Debtor's claims against TRI and TRI's defenses, the Trustee decided that a settlement would be in the best interests of the bankruptcy estate.

## CONCLUSIONS OF LAW

▮ Property of a debtor's bankruptcy estate includes "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1). A trustee under the Bankruptcy Code is the representative of the estate. 11 U.S.C. § 323(a). Therefore, the trustee succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed. *Jones v. Harrell*, 858 F.2d 667 (11th Cir. 1988); *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556 (11th Cir.1985).

---

**3.** Because the resolution of each objection to the compromise involves the same issues, the Court will treat them singularly in this Memorandum Opinion.

Although the concept of property of the estate is broad, Congress allows a debtor to choose certain property that will be exempt from inclusion as property of the estate. 11 U.S.C. § 522. Under Alabama law[4] a debtor is allowed to claim a $3,000.00 exemption in personal property. In his Schedule B-4, Property Claimed as Exempt, the Debtor took the full exemption allowed by Alabama law, and this included "All items listed in schedule B-2." Trustee's Exhibit 1, at 9. In Schedule B-2, the Debtor listed the value of the lawsuit against TRI at $1,000.00. Trustee's Exhibit 1, at 8.

■ Under the Code, property claimed as exempt is exempt unless a party in interest objects. 11 U.S.C. § 552(*l*). The Debtor and Self claim that because the Trustee did not object to the Debtor's claim of exemption in the amount of $1,000.00 in this lawsuit, the entire proceeds of the lawsuit are exempt. The Debtor and Self rely exclusively on *Taylor v. Freeland & Kronz*, — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), for the proposition that the Trustee's failure to object to the Debtor's claim of exemption in $1,000.00 of the proceeds of the lawsuit entitles the Debtor to claim all the proceeds of the lawsuit exempt. This position is without justification, for *Taylor* cannot be read in such a broad fashion. In that case, the debtor listed as "unknown" the potential proceeds from a pending employment discrimination lawsuit. 112 S.Ct. at 1646. The trustee failed to object, and the Supreme Court ruled that his failure timely to do so prevented him from objecting after the time for objections had expired under Federal Rule of Bankruptcy Procedure 4003. *Id.* — U.S. at — – —, 112 S.Ct. at 1647–48. *Taylor*, however, is distinguishable.

First, the debtor in *Taylor* listed the value of the lawsuit as "unknown" on both her Schedule B-2 *and* B-4. Listing "unknown" as the value of the claimed exemption was tantamount to waving a red flag in the trustee's face, as if to say, "It may

be worth more than the law allows, but I'm claiming it anyway." In this case, however, precise dollar amounts were attached to the Debtor's claim of exemption. The Debtor claimed his full personal property exemption allowed by Alabama law, and then incorporated by reference into that amount a claimed value of $1,000.00 in the pending lawsuit. The Debtor thereby limited his exemption to $1,000.00 in the proceeds of the lawsuit.

Unlike the debtor in *Taylor*, the Debtor in this case did not claim the full amount of the lawsuit exempt, but rather only a small portion. It is that much, and that much only, that is exempt from property of his bankruptcy estate. All proceeds of the lawsuit above his $1,000.00 claim of exemption belong to the Trustee and may be used for the benefit of the Debtor's creditors.

■ Based on the foregoing, the Court concludes that the answer to Issue I, as set out above, is no. Therefore, all proceeds of the lawsuit in excess of the Debtor's claim of exemption belong to the bankruptcy estate. Self claims a statutory lien in these proceeds pursuant to his contract of employment as the attorney in the circuit court action. Notwithstanding that the Trustee may be able to avoid this lien under Bankruptcy Code Section 544, no evidence of the Debtor's contract with the attorney in the circuit court action is in evidence,[5] either directly or indirectly. Further, no evidence regarding any services, either pre- or post-petition, rendered by Self on behalf of the Debtor or the Debtor's estate was offered. Therefore, the Motion for Intervention filed by Self must be denied.

■ As for the resolution of Issue II, this Court must consider, in determining whether the proposed settlement is in the best interests of the Debtor's bankruptcy estate, the probability of success in the litigation, the difficulties that will be encountered in the matter of collection, the

---

4. *See,* footnote 2, *supra.*

5. A contract was attached to Self's Motion for Intervention and Motion to Deny. Neither the

contract nor any testimony relating to it were offered at the hearing.

complexity of the litigation and the expense, inconvenience, and delay attending thereto, and the interests of creditors with a deference to their reasonable views. *In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

 In this case, the Trustee has proposed to settle the litigation for approximately $5,000.00 less than what is admittedly owed to the Debtor. This, however, does not dip below the lower bounds of reasonableness, and strikes the Court as fair, especially when the savings of the costs of litigation are considered. Moreover, it appears to the Court that TRI may have a valid counterclaim in the amount of $130,000.00 against the Debtor. So, even if the Debtor's probability of success in the litigation may be high, the probability of a successful counterclaim that will reduce the benefit to the estate and in fact burden the estate with yet another unsecured claim is likewise high. A further question as to the probability of success was raised by the Trustee's testimony that he was not confident in Self's ability as a litigator or the Debtor's reputation for veracity. Therefore, TRI's willingness to relinquish this claim and pay $25,000.00 to the bankruptcy estate, it appears, leaves the Trustee with a bargain.

Collecting a judgment that may result from this litigation may not be difficult, because TRI admits the debt is owed. However, collection will be impossible if TRI asserts and proves its counterclaim for $130,000.00.

Although the complexity of this case is minimal, the attendant expenditures of time and other resources for a jury trial necessarily burden the Debtor's estate. This will always be the case, however, where litigation is involved. Therefore, the expense of pursuit must be weighed directly against the most likely recovery, which in this case is approximately $30,000.00. This is too small a sum to justify a complete trial of this matter, and collecting now will better preserve the Debtor's estate. Further, the delay involved continues to threaten prejudice to the other creditors.

One of the goals of the bankruptcy laws is to provide a prompt and efficient adjustment of the debtor-creditor relationship. This goal is not furthered by protracted litigation.

Finally, the interests of the other creditors justifies the settlement of this matter. They receive the benefit of the immediate nature of the settlement, and are not threatened with the appearance of another unsecured creditor in their midst. Finally, the failure of any creditor to object to this proposed compromise indicates to the Court that the creditors feel this settlement is reasonable and fair.

Based on the foregoing, the Joint Motion for Approval of Compromise is due to be granted, and the Motion for Intervention and Motion to Deny filed by Self is due to be denied, as is the Objection to Compromise filed by the Debtor. An appropriate order shall be entered.