H. Lee ADDISON, III, Esq., Trustee,
Plaintiff–Appellant,

v.

Lewis B. REAVIS and Carol A. Reavis,
Defendants–Appellees.

John W. AINSLIE and John W. Ainslie,
Sr., Plaintiffs–Appellees,

v.

Bernie J. GRABLOWSKY,
Defendant–Appellant,

and

Jack D. Maness, Esq., Trustee,
Defendant.

Civ. A. Nos. 2:93cv166, 2:93cv125.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 3, 1993.

H. Lee Addison, III, Virginia Beach, VA, Trustee.

Robert Vincent Roussos, Roussos, Ford & Langhorne, P.C., Norfolk, VA, for Lewis B. Reavis and Carol A. Reavis.

Debera F. Conlon, Office of the U.S., Trustee, Norfolk, VA, for U.S. Trustee.

Barry Randolph Koch, McCardell, Inman, Benson, Strickler & Koch, Virginia Beach, VA, for Bernie J. Grablowsky.

Joseph Todd Liberatore, Marcus, Santoro & Kozak, Portsmouth, VA, for John W. Ainslie and John W. Ainslie, Sr.

Jack D. Maness, Norfolk, VA.

## OPINION and ORDER

DOUMAR, District Judge.

Presently before the Court are consolidated appeals from rulings of the bankruptcy court issued by two different judges with conflicting results.[1]

In one appeal, *Ainslie v. Grablowsky*, debtor Bernie J. Grablowsky challenges the ruling of the bankruptcy court on the motion for relief from stay filed by John W. Ainslie and John W. Ainslie, Sr. The Ainslies sought relief from stay in order to

---

1. Oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record and the decision-al process would not be significantly aided by oral argument." Fed.R.Bankr.P. 8012.

purchase from the trustee any non-exempt interest of the debtor in two limited partnerships: Piper Apartments Associates, L.P. (the "Piper partnership"), and Lisa Square Associates, L.P. (the "Lisa Square partnership"). By order of January 6, 1993, the bankruptcy court granted the Ainslies' motion for relief from stay. In so doing, the bankruptcy court held that Grablowsky's exempt interest in the two partnerships was limited to the $1.00 listed on Schedule C of his Chapter 7 bankruptcy petition as exempt, even though no objection had been filed within thirty days.

The other appeal, *Addison v. Reavis*, presents the objections of the trustee, H. Lee Addison, to the bankruptcy court's ruling denying his application for authority to sell partnership property. Addison sought leave to sell the interest of debtors Lewis B. Reavis and Carol A. Reavis in a partnership known as January 16th Associates. By order entered on November 25, 1992, the bankruptcy court denied the trustee's application, holding that by listing the value of debtors' interest in the partnership at $10.00 and claiming—without any objection being filed by the trustee within thirty days—the amount exempted as $10.00, debtors exempted the entire amount of their interest in the partnership. The debtor in *Grablowsky* and the trustee in *Addison* contend that the bankruptcy courts of this District issued conflicting rulings by holding that Grablowsky exempted only $1.00 worth of his interests in the Piper and Lisa Square partnerships, while Lewis and Carol Reavis exempted their entire interest in January 16th Associates, even though the debtors listed only a $10.00 value of their interest.

The parties in *Addison v. Reavis* elected to adopt the briefs submitted in *Ainslie v. Grablowsky*. The parties agreed that the legal issues relevant to the two appeals are essentially identical. Therefore, this Court will discuss the law applicable to these cases together and will draw attention only to those aspects in which the facts of the two cases differ.

■ On appeal to the district court, a bankruptcy court's findings of fact are sub-ject to review for clear error, while its conclusions of law are subject to *de novo* review. *See, e.g., In re McCauley*, 105 B.R. 315, 318 n. 1 (E.D.Va.1989). This appeal involves challenges to the bankruptcy court's conclusions of law, and, therefore, a *de novo* standard of review applies.

■ The Court concludes that where a debtor attaches a precise dollar value to the interest he is claiming under the Virginia homestead exemption and does not amend that value upward within the amount allowed under the Virginia homestead law ($5,000 for individual debtors or $10,000 for married debtors filing jointly), the debtor's exemption for that interest is limited to the precise value the debtor listed as exempt, regardless of the trustee's failure to object to the exemption. Thus, Grablowsky is entitled an exemption of only $1.00 value of his interests in each of the Piper and Lisa Square partnerships, and Lewis and Carol Reavis are entitled to an exemption of only $10.00 value of their interest in January 16th Associates.

## I. ANALYSIS

### A. *The Virginia Homestead Exemption*

Property of the bankruptcy estate includes "all legal or equitable interests of the debtor at the commencement of the case." 11 U.S.C. § 541(a)(1) (Law. Co-op. 1986). The Bankruptcy Code allows debtors to exempt from distribution by the trustee certain interests in property. 11 U.S.C. § 522 (Law Co-op.1986). Exercising its authority under Section 522(b)(2)(A) of the Code to "opt out" of the exemptions provided by the Code, Virginia entitles its debtors to claim only those exemptions enumerated under Virginia law. *See* 11 U.S.C. § 522(b)(2)(A) and Va.Code Ann. § 34–3.1 (Michie 1990). One of the several exemptions provided under Virginia law, the Virginia homestead exemption, entitles an individual householder debtor to exempt up to $5,000 (and married household debtors filing jointly to exempt up to $10,000) worth of property from the bankruptcy estate, whether that property be of realty or per-

sonalty. Va.Code Ann. §§ 34–4, 34–13 (Michie 1990).[2]

Both debtors in the present cases claimed homestead exemptions under the Virginia law. Schedule C to Grablowsky's bankruptcy petition contains his list of claimed exemptions. In addition to twenty-nine other interests claimed under the Virginia homestead exemption, Grablowsky's Schedule C makes reference to debtor's interests in the Piper and Lisa Square partnerships by stating:

> Lisa Square Assoc., L.P.
> Debtors' interest: 1.00 Value exempt: 1.00
> Law: Code Section 34–4
>
> Partnership Interest in Piper Apt. Assoc., L.P.
> Debtors' interest: 1.00 Value exempt: 1.00
> Law: Code Section 34–4 [3]

The Schedule C filed by Lewis and Carol Reavis similarly contained thirty homestead exemptions, including an exemption of an interest in January 16th Associates, as follows:

> 35% partner—January 16th Associates
> Debtors' interest: 10.00 Value exempt: 10.00
> Law: Code of Virginia, Section 34–4 [4]

■ Virginia law governs the interpretation of the homestead exemption. *See Dominion Bank of the Cumberlands v. Nuckolls*, 780 F.2d 408, 416–17 (4th Cir. 1984) (*citing Zimmerman v. Morgan*, 689

F.2d 471, 472 (4th Cir.1982)). Virginia law does not confine the debtor to the specific amount listed for a particular exemption in his homestead deed; the debtor may amend upward the valuation stated on the schedule if and when the bankruptcy court determines that a higher value is more appropriate for that item. *In re Waltrip*, 260 F.Supp. 448, 451 (E.D.Va.1966). However, the debtor may not adjust the value of an exemption upward if doing so will elevate the total sum value of all the debtor's homestead exemptions above the $5,000/ $10,000 maximum allowed under the statute. *See In re Waltrip*, 260 F.Supp. at 451.[5] *See also Oppenheimer v. Howell*, 76 Va. 218, 222 (1882).[6]

Thus, under Sections 34–4 and 34–13, the exemptions are claimed primarily according to the specified dollar value of the property, not by virtue of the type of property. By comparison, the many exemptions enumerated in Sections 34–26, 34–27 and 34–28.1 of the Code of Virginia are listed primarily by specific type of property.[7]

■ In an attempt to secure the full amount of the homestead exemption within this interpretation, Virginia debtors commonly have affixed nominal values to their exempt interests and exempted the entire

---

**2.** The Virginia homestead exemption provides, in part, that "[e]very householder shall be entitled ... to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value." Va.Code Ann. § 34–4 (Michie 1990).

**3.** Debtor invokes the Virginia homestead exemption as authority for his claimed exemption of interests in Piper and Lisa Square.

**4.** The record also contains a copy of the Homestead Deed filed by Lewis and Carol Reavis in the Circuit Court for the City of Virginia Beach. In relevant part, the Homestead Deed claims an exemption in a "35% partnership interest in January 16th Assoc." valued at $10.00.

**5.** *Waltrip*—decided by Judge Walter E. Hoffman, who, before becoming a District Judge in 1953, served as a bankruptcy referee, and who still sits in this Court—sets forth the established interpretation of the Virginia homestead exemption in bankruptcy cases.

**6.** The *Oppenheimer* court stated:

> There is no doubt that if the debtor, at the time of his declaration and claims, is not possessed of property of the value of $2,000 [then the maximum amount allowed under the homestead exemption], he may afterwards, upon the acquisition of other property, go on and add to the homestead estate until the maximum amount to which he is entitled is attained. But he cannot, by successive acts, hold at one time, or at different times, property which, in the aggregate, exceeds the value of $2,000.

The court thus interprets the homestead statute as a value statute; the statute allows an exemption to the householder primarily according to the value of his property, subject to a maximum value, rather than an exemption of an entire item.

**7.** These statutes entitle the debtor to exempt entirely such things as any personal injury action, the family Bible, wedding and engagement rings, a lot in a burial ground, and animals owned as pets, in addition to many other specific items the exemption of which are subject to monetary limitation. Va.Code Ann. §§ 34–26, 34–27, 34–28.1 (Michie 1990).

nominal value of the interest with the intent to later amend the schedules to more accurately reflect the value of the property. Judge Tice explained this practice in his opinion below in *Grablowsky:*

> Countless bankruptcy petitions filed in Virginia have claimed homestead exemptions in nominal amounts as was done by debtor here.... [T]he reason for this is obvious. Since the present Virginia law allows but a maximum of $5000.00 in total value for homestead exemption ($10,000.00 for husband and wife in a joint case), a debtor will not wish to use more of the exemption than is necessary. By claiming a nominal exemption, the debtor thus preserves the exemption amount until there is a determination of equity.... [C]ustomarily, bankruptcy trustees have not filed objections to a debtor's claim of a nominal value homestead exemption, notwithstanding the equity in the asset might be significant. *The issue of the amount of the exemption may be resolved if and when the debtor seeks to increase the exemption.* The court believes this practice has worked well in Virginia, and bankruptcy trustees have been spared the filing of numerous unnecessary objections to exemptions.

*In re Grablowsky,* 149 B.R. 402, 405 n. 4 (Bankr.E.D.Va.1993) (emphasis added). Since there is such liberality under Virginia law in allowing amendment of the homestead deed to raise the value of an item claimed, *In re Waltrip,* 260 F.Supp. at 451, it is easily understandable how this Virginia practice evolved. However, Virginia courts should not allow debtors to employ this practice in order to obtain a total homestead exemption in excess of the maximum allowed under state law, as this "would be but an invitation to the perpetration of the grossest frauds upon the rights of creditors." *Oppenheimer,* 76 Va. at 223. In other words, using nominal valuation of assets in the original Schedule C and then later deciding which assets to value at what level up to the $5,000/$10,000 statutory maximum and amending the schedule accordingly is appropriate. But using nominal valuation in an attempt to completely exempt an asset or group of assets worth well over the statutory maximum is inappropriate. *See id.*

Debtors Grablowsky and Reavis clearly sought to maximize their homestead exemption by affixing nominal values to the interests claimed exempt in their bankruptcy petitions. The Court will not now allow debtors to exempt their entire interests in the property at issue in excess of the $5,000/$10,000 maximum allowance. In his Schedule C, Grablowsky listed his interests in the Piper and Lisa Square partnerships as worth $1.00 each and claimed them exempt in the amount of $1.00 each. Grablowsky stated no percentile of ownership in these partnerships, nor did he in any way suggest that he sought to exempt more of his interests in the Piper partnership or the Lisa Square partnership than the $1.00 listed on his Schedule C.

■ Reference to the partnership agreement for Piper supports the conclusion that debtor designedly affixed a nominal value to these interests. Paragraph 8.2 of Article VIII of the Piper partnership agreement states:

> The General Partners ... shall be entitled to receive a Partnership management fee in the amount of $40,000 per year commencing January 1, 1989 and ending December 31, 2003.... In the event the Partnership sells the Property before December 31, 2003, the General Partners ... shall be entitled to receive the Partnership management fees they would have received between the date the Property is sold and December 31, 2003, discounted at an eleven percent (11%) annual rate.

If Grablowsky had read the partnership agreement—as the Court assumes he must have done—it would have been apparent to him that his interest as a general partner constitutes a valuable asset clearly worth more than $1.00. Nevertheless, Grablowsky chose to claim on his Schedule C an exemption of only $1.00 worth of his interest in Piper. This Court therefore concludes that Grablowsky's Schedule C entitles him to only $1.00 worth of his interests

in Piper and Lisa Square, provided that Grablowsky does not amend the value stated for these interests, within the $5,000 total homestead allowance. To accept debtor's argument that he has exempted the entire value of his interest in the partnerships would be to condone an abuse of the system under which debtor has already secured an important benefit—the ability to claim an exemption for an interest in property while designating only a nominal exemption value so as not to "use more of the exemption than is necessary." *In re Grablowsky*, 149 B.R. at 405 n. 4.

The relevant Schedule C entries of Lewis and Carol Reavis were identical in all material respects to those of Grablowsky, except that the Reavis's Schedule C identified the exemption for debtors as a 35% interest in January 16th Associates valued at $10.00. However, the debtors provided no indication that they claimed as exempt property anything other than $10.00 worth of their interest in the partnership. Debtors' valuation is clearly nominal in comparison to the $2,500 for which the trustee sought to sell the interest. Unless the Reavis's seek to adjust their exemption for January 16th Associates upward by amendment, within the statutory maximum amount allowed for the sum of the interests claimed under the homestead exemption, Virginia law limits their exemption of this interest to $10.00.

### B. *Implications of Trustees' Failure to Object*

The debtors in both cases suggest that a recent decision of the United States Supreme Court interpreting Section 522(*l*) of the Bankruptcy Code and Bankruptcy Rule 4003(b) entitles them to an exemption of the full value of the interests at issue, notwithstanding the limitations imposed by the Virginia homestead law. This Court concludes that debtors are not entitled to an exemption exceeding the $5,000/$10,000 statutory cap under any provision of bankruptcy law nor any ruling by the Supreme Court.

The Bankruptcy Code states that a "debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such a list is exempt." 11 U.S.C.S. § 522(*l*) (Law. Co-op. 1986). The Bankruptcy Rules provide the time within which objections must be made:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

Fed.R.Bankr.P. 4003(b) (Law. Co-op. Supp. 1993). In neither of the present cases did the trustee timely file an objection to the claimed exemptions pursuant to 11 U.S.C. § 522(*l*) or Rule 4003(b).

The United States Supreme Court recently addressed the consequences flowing from the trustee's failure to object under 11 U.S.C. § 522(*l*) and Rule 4003(b). *See Taylor v. Freeland & Kronz*, — U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the debtor "claimed as exempt property the money she expected to win in her discrimination suit against TWA. She described this property as 'Proceeds from lawsuit—[Davis] v. TWA' and 'Claim for lost wages' and listed its value as 'unknown.'" —— U.S. at ——, 112 S.Ct. at 1646. Though he knew debtor intended to exempt the entire value of the lawsuit, the trustee believed that the suit lacked substantial value and specifically declined to pursue it. The Supreme Court concluded that the debtor had claimed her full recovery from TWA as exempt, but noted that all parties agreed that neither state nor federal law permitted an exemption of any significant part of that recovery. *Id.* at ——, 112 S.Ct. at 1647. However, because no objection to debtor's claimed exemption had been filed within the thirty day period established by Rule 4003(b), the Supreme Court held that the validity of debtor's exemption could not be challenged. *Id.* at ——, 112 S.Ct. at 1648. In so doing, the Supreme Court literally construed the mandate of 11 U.S.C. § 522(*l*) that in the ab-

sence of a timely objection "the property claimed as exempt ... is exempt." *Id.*

 This Court is compelled to follow *Taylor.* However, in the present cases, the question remains: What property did the debtors claim as exempt? Unlike the debtor in *Taylor,* debtors Grablowsky and Reavis did not claim as exempt the full value of the property at issue. The *Taylor* debtor clearly claimed as exempt the entire value of the proceeds of a lawsuit whose value she conceded was unknown. *Id.* at ——, 112 S.Ct. at 1646. Grablowsky's Schedule C, however, identified the property he claimed as exempt as interests in the Piper partnership and the Lisa Square partnership which were worth $1.00 each and were to be exempt in the amount of $1.00. In neither the Piper partnership nor the Lisa Square partnership did Grablowsky show any percentile of ownership shown; instead, the Schedule indicated only an interest valued at $1.00. The Reavis's Schedule C listed as exempt a 35% interest in January 16th Associates with a value of $10.00 and exempt to the value of $10.00. While the Reavis's indicated a percentile of ownership, they, like Grablowsky, did not suggest in any way that they sought to exempt more of their interests in the partnerships in issue than the nominal value listed on their Schedule C.

The Court concludes that Grablowsky's Schedule C explicitly claims as exempt property only $1.00 worth of his interests in the Piper and Lisa Square partnerships, and the Reavis's Schedule C explicitly claims as exempt property only $10.00 worth of their interest in January 16th Associates, provided that the debtors do not choose to adjust these amounts upward within the statutory maximum value. *See In re Shoemaker,* 155 B.R. 552, 555 (Bankr.N.D.Ala.1992) (holding that debtor's attachment of $1,000 to the amount of a lawsuit to be exempt limited debtor's exemption of the lawsuit to $1,000, notwithstanding trustee's failure to object to the exemption). *See also Bronner v. Gill,* 135 B.R. 645, 647–48 (Bankr. 9th Cir.1992) ("By not objecting to the exemption, the trustee merely recognized that Debtors had a valid

statutory basis for the claim. The claim, however, remained subject to the [statutory] ... limit.")

At best, debtors Grablowsky and Reavis can claim an ambiguity as to the amount of the interests that they intended to exempt in their schedules. However, this ambiguity would not entitle the debtors to an exemption of the full value of these interests. In a recent Ninth Circuit case, *In re Hyman,* 967 F.2d 1316 (9th Cir.1992), the debtor filed a schedule (to which no timely objection was raised) listing his "homestead" as exempt property and stating a value of $45,000.00 for the exemption. *Id.* at 1318. At issue in *Hyman* was whether debtor had thereby claimed as exempt the full value of his homestead or only the state homestead allowance of $45,000.00. *Id.* at 1319. The Ninth Circuit recognized that under *Taylor,* "any property claimed as exempt by a debtor—regardless of whether the claimed exemption is valid—is automatically exempt" in the absence of a "timely objection from a party in interest." *Id.* at 1319 n. 6. Therefore, holding that any ambiguities in a debtor's schedule are construed against the debtor, the Ninth Circuit concluded that debtor's exemption was limited to the amount stated by debtor as the exempt value, $45,000.00, rather than the full value of the homestead. *Id.* at 1319 & n. 6.

 This Court acknowledges that Virginia courts generally construe the Virginia homestead statute liberally. However, the debtor's schedules and documents define the exemption and its value. Because the debtors themselves have drafted these schedules and documents, the Court must construe any ambiguities therein against the debtors. *Id.*

 This Court finds that the meaning of Grablowsky's and the Reavis's Schedule C forms are plain: Grablowsky claimed as exempt only $1.00 worth of his interests in each of the Piper partnership and the Lisa Square partnership, while the Reavis's claimed as exempt only $10.00 worth of their 35% interest in January 16th Associates. However, to the extent that Gra-

blowsky's and the Reavis's Schedule C's might suggest that they sought to exempt the entire value of their interests in these partnerships, this Court would construe any such ambiguity against the debtors as did the Ninth Circuit in *Hyman*. As such, whether one construes Grablowsky's Schedule C as explicit or ambiguous, in neither case does it provide any basis for concluding that Grablowsky exempted more than $1.00 worth of his interests in the Piper partnership and the Lisa Square partnership, or that the Reavis's exempted more than $10.00 worth of their interest in January 16th Associates.

■■■ Debtors Grablowsky and Reavis offer an additional argument based on *Taylor* in support of their position. They contend that even if *Taylor*'s holding does not compel this Court to conclude that their full interests in the partnerships are exempt, *Taylor*'s dicta supports that conclusion. Specifically, the debtors note that *Taylor* states:

> In this case ..., [the trustee] did not object to the claimed exemption. If [the trustee] did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the bankruptcy court for an extension of time to object, see Rule 4003(b).

*Id.* at ——, 112 S.Ct. at 1648. Debtors interpret this as an indication of the Supreme Court's determination that in the absence of a timely objection within Rule 4003(b)'s thirty day period, the value attached by debtor to the property—as opposed to the value of the exemption stated in the schedule—becomes conclusive on all parties. As a result, given the lack of a timely objection, the Court and parties supposedly must accept Grablowsky's valuation of his partnership interests as worth $1.00 each and the Reavis's valuation of their interest as worth $10.00. Debtors conclude that by claiming an exempt value of $1.00 and $10.00 each in partnership interests conclusively established to be worth $1.00 and $10.00 each, respectively, they have exempted their full interests in these partnerships.

Debtors read far more into this passage from *Taylor* than the language will bear. The Supreme Court's language neither states nor implies that the debtor's valuation of the property at issue becomes conclusive when there has been no objection pursuant to Code § 522(*l*) and Rule 4003(b).[8] This language was written in the context of a debtor who explicitly claimed as exempt the *entire value* of property worth an *unknown* amount of money. The passage has no relevance where, as in the present cases, the debtors have not claimed the entire amount of their interests in property exempt but instead have claimed a precise value amount of their interests exempt. *See In re Shoemaker*, 155 B.R. at 555.

Moreover, the Supreme Court merely indicated that the trustee's failure to file an objection to debtor's claimed exemption could not be excused by the trustee's lack of knowledge of the value of the claimed exemption. —— U.S. at ——, 112 S.Ct. at 1648. By contrast, the trustees in these cases have not sought to excuse their failure to object, but, rather, wish to uphold the amount of the interests claimed exempt by the debtors in Schedule C of their petitions.

**8.** It remains unclear whether the Court in *Taylor* intended to bar a trustee from objecting to the *value* of a debtor's exemption beyond the thirty days provided by Rule 4003(b), or whether the trustee merely is barred from objecting to the debtor's *entitlement* to the objection, regardless of its value. The Supreme Court noted that the debtor in *Taylor* might have been entitled to exempt a portion of the lawsuit, thereby suggesting that the debtor's objection (which the Court barred) was to the value of the exemption above that portion allowed under state law. —— U.S. at ——, 112 S.Ct. at 1648. However, the Court also indicated that the trustee's challenge was to the *validity* of the exemption. *Id.* This would not bar a trustee from objecting to a debtor's attempt to exempt the full value of her interest after listing only a specific nominal value for the exemption in her schedules.

This Court reads *Taylor* to bar the trustee from objecting beyond thirty days to the validity of an exemption which the debtor indisputably claimed, but not to prevent the trustee from challenging the debtor's full exemption of an interest listed in her schedules as having a nominal value.

*Taylor* simply does not address whether a debtor's valuation of property becomes conclusive in the absence of a timely objection pursuant to 11 U.S.C. § 522(*l*) and Rule 4003(b). A number of courts have addressed this issue, however. Some courts have concluded that no challenge to the value of the property may be asserted after the period for objections to a debtor's exemptions has expired. *See In re Okoinyan*, 135 B.R. 691 (Bankr.S.D.Fla.1991); *cf. In re Wiesner*, 39 B.R. 963, 965 (Bankr. W.D.Wis.1984) (holding that "a collateral attack on exemptions by means of an application for appraisal outside the [court ordered fifteen day] period for objections is barred") (citing *In re Walsh*, 5 B.R. 239 (Bankr.D.D.C.1980)). This Court finds more persuasive, however, those decisions which have quite properly recognized:

> the distinction between an objection to the existence of an exemption and an objection to the valuation of the property in which debtors claim an exemption. Only the former objection must be made within the Bankruptcy Rule 4003(b) 30–day period following the meeting of creditors.

*In re Hyman*, 123 B.R. 342, 348 (Bankr. 9th Cir.1991), *aff'd*, 967 F.2d 1316 (9th Cir. 1992); *see also In re Allen*, 44 B.R. 38, 40–41 (Bankr.D.N.M.1984) (citing *In re Fitzgerald*, 729 F.2d 306, 308 (4th Cir.1984)). Thus, should the trustees' motions be equated with challenges to debtors' valuation of their interests in the partnerships at issue, such challenges are not foreclosed by trustees' failure to object pursuant to 11 U.S.C. § 522(*l*) and Rule 4003(b). *Id.*

Thus, this Court finds no error in the bankruptcy court's ruling that Grablowsky exempted only $1.00 worth of his interests in Piper and Lisa Square.[9] Concomitantly, this Court finds that the bankruptcy court erred in ruling that debtors Reavis exempt-

ed more than $10.00 value of their interest in January 16th Associates.

## II. CONCLUSION

Accordingly, the ruling of the bankruptcy court in *Ainslie v. Grablowsky*, 2:93cv125, is AFFIRMED and the ruling of the bankruptcy court in *Addison v. Reavis*, 2:93cv166, is REVERSED, and both cases are REMANDED to the bankruptcy court for any further proceedings necessary therein.

The clerk is DIRECTED to send a copy of this Order to counsel of record.

IT IS SO ORDERED.

---

**9.** In addition to the issue discussed above, Grablowsky challenges the bankruptcy court's conclusion that good cause existed for granting the Ainslies' motion for relief from stay. Grablowsky asserts only one argument on the good cause issue: he claims that if the bankruptcy court erred in holding that he had exempted only $1.00 worth of his interests in Piper and Lisa Square, then good cause would not exist for lifting the stay because no nonexempt interest in the two partnerships would exist for the trustee to sell to the Ainslies. This court has concluded, however, that the bankruptcy court did not err in holding that Grablowsky exempted only $1.00 worth of his interests in Piper and Lisa Square. Therefore, this court rejects Grablowsky's challenge to the bankruptcy court's finding of good cause to lift the stay.