In re Rufus Parke CUSTIS, III and
Anne Shreeves Custis (Deceased),
Debtors.

John F. AMES, Trustee, Plaintiff,

v.

Rufus Parke CUSTIS, III, Defendant.

Bankruptcy No. 86–01371–R.
Adv. No. 87–0307–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 30, 1988.

John F. Ames, Richmond, Va., for plaintiff.

Thomas L. Murphey, Chesterfield, Va., for defendant.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the stipulations of facts submitted to the Court by the plaintiff and Trustee, John F. Ames, ("Trustee") and defendant, Rufus Parke Custis, III ("Custis").

### FINDINGS OF FACT

Custis and his now deceased spouse, Ann Shreeves Custis, filed a joint Chapter 7 bankruptcy petition with this Court on July 29, 1986. A meeting of creditors was held on September 3, 1986 and a discharge was granted by Order December 9, 1986.

On October 4, 1986 the spouse of the defendant died. On or about November 14, 1986, the defendant received the proceeds of a life insurance policy owned by his wife and issued by Lincoln National Life Insurance Company. The policy insuring the wife was issued on January 1, 1978 designating Custis as beneficiary but allowing for a change of beneficiary to be made.

As beneficiary of his wife's insurance policy, the defendant received $9,572.36, of which he spent $4,643.80. After the expenditure of these funds, the defendant recalled that he had been advised by his attorney upon filing the bankruptcy petition that any proceeds that he received as a beneficiary of a life insurance policy within 180 days of declaring bankruptcy would become an asset in his bankruptcy estate. Custis amended his homestead deed on December 17, 1986 to include $2,375 of the life insurance proceeds. On August 7, 1987, the debtor amended his schedules to reflect the amendment to his homestead deed and also included an additional $5,000 exemption for being a surviving spouse.

After the defendant contacted his attorney, thus informing him of the insurance benefits, he forwarded to his attorney the sum of $4,500. The amount was held in the attorney's fiduciary account until it was turned over to the Trustee on June 8, 1987. The Trustee did not learn of the expenditure of the insurance proceeds by the defendant until June 8, 1987, but such lack of knowledge was not due to any intent by the defendant to hide the information.

### CONCLUSIONS OF LAW

11 U.S.C. § 541 of the Bankruptcy Code lists the property that makes up a bankruptcy estate. Included in the list under § 541 it is stated that:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

Based on § 541(a)(5)(C), the Trustee asserts that the $9,572.36 in proceeds Custis received from the insurance policy covering his deceased wife, should be turned over to him for the benefit of the estate. However, § 522(b) specifically excludes exempt property from being treated as property of the estate under § 541 (*see Bancohio Nat.*

*Bank v. Walters*, 724 F.2d 1081 (4th Cir. 1981)) and the debtor argues that he should be allowed to amend his homestead exemption available under § 34-4 of the Virginia Code to include $2,375 of the insurance proceeds, while also filing a new homestead exemption as a surviving spouse under § 64.1–151.3 of the Virginia Code for $5,000 of the insurance proceeds.

In determining the exemptions available to a debtor in bankruptcy, the Bankruptcy Code has provided for a state to "opt-out" of the federal exemptions contained in § 522(d). 11 U.S.C. § 522(b). Virginia has exercised this right under § 34-3.1 of the Virginia Code and has thus made its state exemption statutes applicable in bankruptcy. One of the commonly used state exemptions is the homestead exemption found at § 34-4 of the Virginia Code.

In order for a debtor to exercise its rights under Va.Code § 34-4, the debtor in a voluntary bankruptcy case must "set apart" exempt property by filing a homestead deed before the fifth day after the date initially set for the meeting of creditors held pursuant to 11 U.S.C. § 341. Va. Code § 34-17. The general rule is that after the time for filing a homestead deed has expired, the debtor is precluded from amending a homestead deed for purposes other than increasing or decreasing the value of property previously included in the homestead deed and new property cannot be exempted. *In re Waltrip*, 260 F.Supp. 448 (E.D.Va.1966). However, this Court has held that when a debtor does not own or have an interest in property that is properly exemptable under Virginia Code § 34-4 at the time the exemption must be asserted, then an amendment may be allowed to include new property so long as the maximum exemptions have not been taken. *In re Smith*, 45 B.R. 100 (Bankr.E. D.Va.1984).

In the matter currently before the Court, it is clear that Custis' December 17, 1986 filing of a homestead deed reflecting $2,375 of insurance proceeds was not timely filed before the fifth day after the September 3, 1986 meeting of creditors. Va.Code

§ 34–17. However, it is also clear that Custis was not entitled to the insurance proceeds until his wife's death on October 4, 1986. Therefore, in order to determine whether Custis is entitled to that exemption of $2,375 of the insurance proceeds, it must be decided whether or not Custis' being named beneficiary of his wife's insurance policy constitutes "an ownership or an interest in property" which should have been exempted pursuant to Va.Code § 34–17 prior to his wife's death. *In re Smith,* 45 B.R. at 108.

With regard to this question, the Virginia Supreme Court has consistently ruled that a beneficiary's interest in life insurance proceeds held prior to the death of the insured is determined by an insured's right to rename beneficiaries. *Murdock v. Nelms,* 212 Va. 639, 186 S.E.2d 46, 49 (1972); *Bickers v. Shenandoah Valley Nat'l. Bank,* 88 S.E. 889 (1955); *Smith v. Coleman,* 184 Va. 259, 35 S.E.2d 107 (1945). The Virginia Supreme Court has stated that an:

> [i]nsured, having reserved the right to change the beneficiaries in the policies, ... was the full owner of the contracts of insurance; and the beneficiaries, whosoever they may have been, enjoyed a mere expectancy in the policies.

*Bickers,* 88 S.E.2d at 893–94. Therefore, since, as previously stated, Custis' wife retained the right to rename a beneficiary in her insurance policy, Custis did not have an ownership right or a vested interest in his wife's policy that could be exempted pursuant to Virginia Code § 34–17. Since a mere expectancy of an interest in property cannot be exemptable because there is no certainty the interest will ever be received, this Court must find that pursuant to *In re Smith,* 45 B.R. at 100 Custis may amend his homestead deed to include $2,375 of insurance proceeds. *In re Howard,* 6 B.R. 220 (S.D.Ohio 1980); *see In re Walters,* 724 F.2d at 1083; *Firemans Fund Insur. Co. v. Woodson, (In re Woodson )* 839 F.2d 610, 618–19 (9th Cir.1988).

■ The second assertion by the debtor is that he is entitled to an additional homestead exemption on behalf of his deceased spouse under § 64.1–151.3 of the Virginia Code.[1] Though § 64.1–151.3 is listed under Title 64 of the Virginia Code dealing with Wills and Decedents Estates, the debtor argues that the Code section is an exemption also available to him in his bankruptcy proceeding. The debtor argues that § 64.1–151.3 is intended to replace § 34–15[2] of the Virginia Code, repealed in 1981, which he asserts allowed for a surviv-

---

1. Section 64.1–151.3 of the Virginia Code provides that:

Homestead allowance.—In addition to the right to family allowance and exempt property, a surviving spouse of a decedent who was domiciled in this Commonwealth is entitled to a homestead allowance of $5,000. If there is no surviving spouse, each minor child of the decedent is entitled to a homestead allowance amounting to $5,000, divided by the number of minor children of the decedent. The homestead allowance has priority over all claims against the estate, but not over the right to family allowance and exempt property.

The homestead allowance is in lieu of any share passing to the surviving spouse or minor children by the will of the decedent or by intestate succession; provided, however, if the amount passing to the surviving spouse and minor children by the will of the decedent or by intestate succession is less than $5,000, then the surviving spouse or minor children shall be entitled to a homestead allowance in an amount which, when added to the property passing to the surviving spouse and minor children by the will of the decedent or by intestate succession, will equal the sum of $5,000.

If the surviving spouse is entitled to dower or curtesy under Chapter 2 (§ 64.1–19 et seq.) of this title, or if the surviving spouse is entitled to an elective share of the decedent's personal estate under §§ 64.1–13 through 64.1–16, and claims and receives either, the surviving spouse shall not have the benefit of any homestead allowance.

2. Section 34–15 of the Virginia Code provided that:

—If a householder die, leaving a spouse or minor children, and he has not selected and set apart personal estate as provided in the two preceding sections (§§ 34–13, 34–14) such surviving spouse, or if such spouse die or marry, such minor children, each by his guardian or next friend, may select and set apart such personal estate in the manner prescribed by the preceding section (§ 34–14); and the same so set apart, and what, if any, may have been set apart by the householder in his lifetime, shall be held by the surviving spouse and minor children in the same manner and exempt as real estate set apart under this chapter would be held by them after the death of such householder. If a surviving spouse receives dower, jointure or

ing spouse or minor children to exercise a decedent's right to a homestead exemption on their own behalf.

After a review of § 64.1–151.3, this Court finds that this section does not grant a surviving spouse or minor children the right to exercise for their own benefit a decedent's homestead exemption. The language of § 64.1–151.3 makes it clear that a surviving spouse or minor child should take a homestead allowance of up to $5,000 in the decedent's estate despite any existing priority claim against the decedent's estate other than a surviving spouse or minor child's additional rights to family allowance and exempt property made available under §§ 64.1–151.1 to 64.1–151.2. The section does not, however, state that a surviving spouse or minor child can apply their right to a homestead allowance in a manner that would exempt property from the claims of their own personal creditors. As a result, this Court must rule that Custis is not entitled to an additional $5,000 homestead exemption under § 64.1–151.3 resulting from his wife's failure to exercise her homestead exemption rights.

Accordingly, for the reasons stated above, Custis shall be allowed to amend his homestead exemption to include $2,375 in proceeds received as beneficiary of his wife's insurance policy.

An appropriate Order shall issue.

curtesy under chapter 2 (§ 64.1–19 et seq.) of Title 64.1, the value thereof shall be deducted from any exemption such spouse may claim under this section, but in such case the rights of minor children hereunder shall not be impaired.