### In re Michael C. FORTI and Geraldine E. Forti, Debtors.

**Bankruptcy No. 96–5–6693–SD.**

United States Bankruptcy Court, D. Maryland, at Baltimore.

Aug. 14, 1998.

Alan M. Grochal, Tydings & Rosenberg, L.L.P., Baltimore, MD, for Debtor.

Joel I. Sher, Shapiro & Olander, Baltimore, MD, Chapter 7 Trustee.

Karen H. Moore, Assistant U.S. Trustee, Office of U.S. Trustee, Baltimore, MD, for U.S. Trustee.

## MEMORANDUM OF OPINION SUSTAINING, IN PART, TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPT PROPERTY

E. STEPHEN DERBY, Bankruptcy Judge.

### I.  ISSUES.

Before the court is the Chapter 7 Trustee's objection to the exemptions claimed by Michael and Geraldine Forti, the Debtors, as twice amended.  The issues are whether Debtors may exempt property by claiming its value as zero or by asserting its value is unknown.

### II.  FACTS.

Debtors filed a voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code on July 17, 1996.  On Schedule C, as amended, Debtors claim, *inter alia*, the following exemptions:

| Property | Value of Claimed Exemption |
| --- | --- |
| single family residence | 0.00 |
| 100% stock ownership in Namco Services Corp. | unknown |
| 35% ownership interest in Forti/Poole & Kent LLC owned by Mr. Forti | unknown |
| Sony TV | 0.00 |
| 1994 Cadillac SLS | 0.00 |
| 1995 Harley Davidson motorcycle | 0.00 |

Adjacent to those purportedly exempt assets set forth above whose value is claimed 0.00, the Debtors have stated that they have no equity in the asset.  Geraldine Forti is the scheduled owner of the Namco Services Corp. ("Namco") stock and the 1994 Cadillac.

Michael Forti is scheduled as owning the 35% interest in Forti/Poole & Kent LLC ("FPK LLC"), the Sony tv, and the 1995 Harley Davidson motorcycle.  The residence is jointly owned by Debtors as tenants by the entirety.

The Trustee objects that designation of the exempt value as "unknown" indicates an intent to exempt the entire value of the asset under the controlling case of *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Similarly, the Trustee argues, full exemption of those assets valued as $0.00 is improper. The Debtors respond that even if the assets have no value, or a negative value, they are properly exempted by claiming zero value as exempt.

## III. JURISDICTION.

The court has jurisdiction under 28 U.S.C. § 1334(a), and venue is proper under 28 U.S.C. § 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## IV. ANALYSIS.

The exemptions claimed by Debtors are grounded in Maryland exemption law, made applicable by 11 U.S.C. § 522(b)(2). Maryland has opted out of the federal exemptions set forth in 11 U.S.C. § 522(d). MD. CODE ANN., CTS. & JUD. PROC. § 11–504(g) (1995 Repl. Vol.) ("In any bankruptcy proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the United States Bankruptcy Code"). The Debtors purport to exempt their interests of unknown value in Namco and FPK LLC under § 11–504(b)(5), which provides:

(b) The following items are exempt from execution on a judgment:

\*     \*     \*     \*     \*     \*

(5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

MD. CODE ANN., CTS. & JUD. PROC. § 11–504(b)(5).

Section 11–504(b)(5) is a wildcard exemption statute because, unlike more specific exemption statutes, it allows a debtor to exempt *up to a specific dollar amount* of property, regardless of the property's nature. Maryland's other generally available wild-card exemptions are $500 for household goods and wearing apparel and $2,500 for real or personal property if a debtor is the subject of a case under the Bankruptcy Code. MD. CODE ANN., CTS. & JUD. PROC. § 11–504(b)(4) and (f). These wildcard exemptions aggregate $6,000 available for each Debtor. Michael Forti has claimed his entire wildcard exemption of $6,000 for assets not subject to the Trustee's objection, and Geraldine Forti has claimed all but $5.00 of her wildcard exemption for other assets.

Debtors do not set forth a basis, statutory or otherwise, for their exemption of the Sony tv, the Cadillac automobile or the Harley–Davidson motorcycle (collectively, the "Zero Value Interests"). Therefore, the court must assume they are sought to be exempted under Maryland's general, wildcard exemption provisions.

Under Fed.R.Bankr.P. 4003(c), the Trustee, as the objecting party, has the burden of proving that the exemptions were not properly claimed. The issues raised by the Trustee's objections are whether a debtor may properly exempt an asset by claiming it to have either zero value or an unknown value. The Trustee's concern is that the supposedly worthless assets claimed by the Debtors as exempt either have or will have value, and that the value of these assets is not being accounted for by the Debtors when they claim exemptions that are without dollar limit. Each of the Trustee's contentions will be addressed separately.

The first inquiry is to decipher the nature of an exemption claim. In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Chapter 7 debtor had scheduled the value of an intangible asset, a cause of action against a former employer, as unknown. Despite the fact that the asset did not qualify independently for a statutory exemption, the Chapter 7 trustee chose not to object, laboring under the mistaken belief that the asset was worthless. Subsequent to the passing of the deadline for objection to claims of exemption, the cause of action realized $110,000.00. The Supreme Court held that notwithstanding the lack of foundation for the exemption claim, the

Trustee's failure to object timely precluded an objection after the bar date when the value of the asset was liquidated. Justice Thomas wrote:

[Fed.R.Bankr.P.] 4003 gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(*l*) therefore has made the property exempt. [The trustee] cannot contest the exemption at this time whether or not [the debtor] had a colorable statutory basis for claiming it.

*Freeland & Kronz,* 503 U.S. at 643–44, 112 S.Ct. 1644.

In the instant case, the focal point of *Freeland & Kronz* is not implicated because the Trustee has filed timely objections to the Debtors' claims of exemptions. *Freeland & Kronz* does not discuss whether a debtor may exempt property of zero or unknown value where there is a statutory dollar limit on the value of property that may be exempted. *See* MD. CODE ANN., CTS. & JUD. PROC. §§ 11–504(b)(4), (b)(5) and (f). The Supreme Court did not reach this issue because it held that the claim of exemption became virtually incontestable after the objection period passed "whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 644, 112 S.Ct. 1644.

In *Wissman v. Pittsburgh Nat'l Bank,* 942 F.2d 867 (4th Cir.1991), the debtors sought to exempt a cause of action against Pittsburgh National Bank under the West Virginia wildcard exemption statute, but they did not state the value of the claim. The court concluded that the value exempted was not more than the statutory dollar limitation on the exemptions that could be claimed under West Virginia law.

We do not agree with the Wissmans' argument that by claiming a value less than the statutory maximum, or no value at all, as in this case, the entire property becomes exempt. We agree that the statute does not provide for automatic re-vesting of the entire cause of action in the debtor,

but only for an exemption of the debtor's interest up to $7,900 each, less other exemptions claimed. Therefore, though the statute allows for the exemption of "any property," it must be read in context to mean an exemption of "the debtor's interest, not to exceed in value . . . ."

*Wissman,* 942 F.2d at 871. *Wissman* was decided before *Freeland & Kronz,* and it is binding on this court, unless it has been invalidated by *Freeland & Kronz.*

Material facts in *Freeland & Kronz* and *Wissman* are parallel. In both cases the debtor(s) had scheduled as exempt a claim against a third party, albeit the debtors in *Wissman* had described it as a "possible claim." In both a value was not assigned to the claim. The debtor in *Freeland & Kronz* listed the value as unknown, and in *Wissman* placed a question in the value column. In neither case did the trustee or any other party make a timely objection to the exemption. Finally, in each case there was an applicable statutory dollar limitation on the value of the exemption that could be claimed. Nevertheless, in *Freeland & Kronz* the Supreme Court concluded that the trustee was barred from contesting Debtor's claimed exemptions, while in *Wissman* the court concluded that the trustee, as the representative of the bankruptcy estate, retained an interest in the potential recovery in excess of the statutory limitation on the debtors' available exemption. 942 F.2d at 871. Although it could be argued that *Wissman* merely interpreted West Virginia law to define the exemption that had been claimed and that *Freeland & Kronz* never reached the issue, a fair reading of *Freeland & Kronz* compels this court to conclude that *Freeland & Kronz* has implicitly rejected the reasoning of *Wissman* by barring the trustee's objection *in toto.* This court must therefore reconsider what is the effect on an exemption claim of stating the value as either "unknown" or "$0.00".

## A. ASSIGNING A ZERO DOLLAR ($0.00) VALUE TO AN ASSET CLAIMED AS EXEMPT.

When a debtor assigns a dollar value to an interest that the debtor is claiming

as exempt, the debtor's exemption is limited to that value. In *Addison v. Reavis*, 158 B.R. 53 (E.D.Va.1993), *aff'g sub nom. In re Grablowsky*, 149 B.R. 402 (Bankr.E.D.Va. 1993), *aff'd sub nom., In re Grablowsky*, 32 F.3d 562 (4th Cir.1994) (unpublished per curiam), the District Court held:

> where a debtor attaches a precise dollar value to the interest he is claiming under the Virginia homestead exemption and does not amend that value upward within the amount allowed under ... Virginia ... law..., the debtor's exemption for that interest is limited to the precise value the debtor listed as exempt, regardless of the trustee's failure to object to the exemption.

*Addison*, 158 B.R. at 55. In *Addison*, a consolidated appeal, one of the debtors on appeal had scheduled the value of property claimed as exempt to be $1.00, and the other debtor to be $10.00. The court held that the equity exempt from each of those assets was limited to $1.00 and $10.00, respectively. The *Addison* court reasoned that the mechanism employed by debtors would be tantamount to fraud if they assigned a nominal value in order to exempt a high-valued asset of the estate on the basis of the difficulty of valuation. The court explained:

> In other words, using nominal valuation of assets in the original Schedule C and then later deciding which assets to value at what level up to the $5,000/$10,000 statutory maximum and amending the schedule accordingly is appropriate. But using nominal valuation in an attempt to completely exempt an asset or group of assets worth well over the statutory maximum is inappropriate.

*Id.* at 57.

The case of *In re Sherman*, 191 B.R. 654 (Bankr.E.D.Va.1995), is also illustrative. In *Sherman* the debtors claimed their interest in a closely held corporation as exempt, and they scheduled the value of the interest as $100.00. The trustee, having determined from data collected at the meeting of creditors that the corporation was insolvent, did not object to the claim for exemption. The trustee filed a no-asset report, the debtors' discharge was entered, and the case was closed. Thereafter, the trustee was approached by a buyer who offered $5,700.00 for the debtors' interest in the corporation. According to evidence presented after the case was reopened, the debtors were well aware that the value of their interest in the corporation exceeded $100.00 although they had not amended their schedules to disclose the higher value. When the case was reopened, the debtors amended their schedules to increase the value of the stock to the maximum allowable exemption, which exceeded the sale price. The *Sherman* court held that the debtors were permitted to raise the valuation of the exempt asset in accordance with the holding in the *Addison* case, insofar as the increase in value of the stock did not surpass the maximum the debtors could claim as exempt.

Both *Addison* and *Sherman* were decided after *Freeland & Kronz*, and they constitute persuasive precedent here. The dollar limitations on Debtors' general exemptions in MD. CODE ANN., CTS. & JUD. PROC. § 11–504 are functionally equivalent for purposes of the instant exemption analysis to the dollar limitations in Virginia's homestead exemption.

Based on the reasoning in *Addison*, Debtors' interest in the Zero Value Interests and the single family residence are exempt only in the amount claimed. *See also, In re DeSoto*, 181 B.R. 704 (Bankr.D.Conn.1995). The Debtors have claimed these amounts to be zero as of the petition date. The value of exempted property is determined as of the petition date. *See* 11 U.S.C. § 522(a)(2); MD. CODE ANN., CTS. & JUD. PROC. § 11–504(a)(2). Therefore, Debtors' interests in these assets are exempt only to the extent of zero dollars. In effect, no dollar amount of the exemption has been preserved. If the Debtors' assertion that there is no equity in these assets is correct, the lack of exempt amount in these assets lacks significance. If there is no equity in the property, there is nothing for the Trustee to distribute. If the Debtors are incorrect in alleging that there is no equity in any of these assets, however, then their claimed exemption in those assets is limited to the amount stated, namely, zero.

For these reasons, the Trustee's objection to Debtors' exemption of interests in property with a stated value of zero will be overruled. Such an exemption does not deprive the estate of potentially valuable property interests. All of Debtors' equity in such property, if any, remains property of the bankruptcy estate.

There is a lingering question as to what legitimate purpose is served by scheduling exemptions of zero value. However, this issue is not before the court, and it does not require resolution here.

## B. ASSIGNING A VALUE OF "UNKNOWN" TO AN ASSET CLAIMED AS EXEMPT.

■ As to the Debtors' interests in Namco and FPK LLC, the amount claimed as exempt is "unknown". Schedule C called for Debtors to provide the "Value of Claimed Exemption." Debtors' assertion that the value is unknown creates an ambiguity as to the scope of the scheduled exemption. The interest in each asset that is exempted could be (1) the entire value of Debtors' interest on the petition date, (2) zero value, or (3) the entire value of the interest on the petition date that does not exceed the maximum exemption dollar amount not otherwise claimed by the Debtors.

The Trustee's concern is that Debtors have claimed the value of their entire interests in Namco and FPK LLC as exempt, and this concern appears well-founded. The U.S. Supreme Court in *Freeland & Kronz* assumed a claim for lost wages of unknown value exempted the entire claim, although the debtor did not have the right to exempt more than a small portion of the proceeds. In *Allen v. Green (In re Green)*, 31 F.3d 1098, 1100 (11th Cir.1994), the court recognized that the holding of *Freeland & Kronz* contains "an unstated premise ... that a debtor who exempts the entire reported value of an asset is claiming the 'full amount,' whatever it turns out to be." *Freeland & Kronz* failed to adopt the interpretation of the Fourth Circuit in *Wissman* that a similar exemption claim was subject to the statutory cap. By contrast, a different result would appear to pertain if the exemption claimed was fully defined by state law, *e.g.*, a tenants by the entirety exemption from the claims of an individual's creditor. *In re Williams*, 104 F.3d 688 (4th Cir.1997).

Debtors may not, over an objection, exempt their interests in Namco and FPK LLC to the extent the actual value of a Debtor's interest exceeds the unused amount of the aggregate limitation for each Debtor in Maryland's general exemption statute. *See* MD. CODE ANN., CTS. & JUD. PROC. §§ 11–504(b)(5) and (f). As to Geraldine Forti's interest in Namco, the unused exemption amount would limit her claim to $5.00. Michael Forti does not have any unused exemption amount. Therefore, whatever is the unknown value above zero of his interest in FPK LLC may be liquidated by the Trustee for the bankruptcy estate.

The Debtors' argument, nevertheless, is that the Trustee, as the objecting party, has the burden of proving that Debtors did not properly claim their exemptions. Fed. R.Bankr.P. 4003(c). Since the Trustee has failed to offer proof that the value of Debtors' respective interests in Namco and FPK LLC exceed Maryland's exemption limitations, the contention is that the Trustee's objection fails and must be overruled.

■ There are two reasons why Debtors' argument is not persuasive. First, Debtors have not properly claimed an exemption of their interests in Namco and FPK LLC. Therefore, the issue of which party has the burden of proof is not reached. When exemption of interests that are subject to an aggregate dollar limitation are claimed, a dollar value must be assigned to each interest that is within the available exemption limitation. The dollar limitation defines the exemption. *Accord, e.g., In re Bell*, 179 B.R. 129, 131 (Bankr.E.D.Wis.1995); *In re Young*, 166 B.R. 854, 861 (Bankr.E.D.Tex.1994); *In re Doyle*, 209 B.R. 897, 902 (Bankr.N.D.Ill. 1997).

Second, the Trustee has established the basis for an objection as a matter of law, namely, that the value exempted, albeit unknown, is not unlimited because it may not exceed Maryland's applicable dollar limitations. Michael Forti has no available value to exempt, and Geraldine Forti has only

$5.00 unused. At least to this extent, based on the information in Debtors' Schedule C of exemptions, the Trustee is entitled to relief of a declaratory nature. In *Freeland & Kronz* an objection was not timely filed, and a subsequent challenge to the validity of the debtor's exemption as over statutory limits was barred. In the instant case, however, a timely objection has been made, and the Trustee is entitled to such relief as is necessary to prevent a potential outcome similar to that in *Freeland & Kronz*, which was both inequitable for creditors and in violation of statute. Since a debtor is generally in the best position to value his or her interest in a closely held business, it would invite abuse to allow a debtor to exempt a potentially valuable interest in its entirety by claiming its value as unknown.

For these reasons, the Trustee's objection to the exemption of interests valued as unknown will be sustained. Debtors will be granted leave to amend to claim as exempt their interests in Namco and FPK LLC in specific dollar amounts within Maryland's statutory exemption limitations.