## In re CHAUNCY STREET ASSOC. LIMITED PARTNERSHIP, Debtor.

### Bankruptcy No. 89–12243–CJK.

United States Bankruptcy Court, D. Massachusetts.

Nov. 8, 1989.

David S. Weiss, Goulston & Storrs, Boston, Mass., for Creditor, Coolidge Bank.

Daniel C. Cohn, Fine & Ambrogne, Boston, Mass., for Chauncy Street Associates.

Memorandum of Decision on Motion of Coolidge Bank and Trust Company for Relief from Stay

CAROL J. KENNER, Bankruptcy Judge.

Coolidge Bank and Trust Company ("the Bank") seeks relief from the automatic stay to permit it to foreclose on the Debtor's real property ("the property"), an office building on Chauncy Street in Boston. To finance the construction of the building the Debtor gave the Bank a note, secured by a mortgage and security agreement and a conditional assignment of rents, leases, and profits.[1] When the Debtor failed to make certain interest payments due on the note, the Bank accelerated the debt (the principal amount advanced was $6,065,639.47) and began foreclosing on the property. The Debtor interrupted the foreclosure proceedings by filing a petition under Chapter 11 of the Bankruptcy Code, thus requiring that the Bank obtain relief from the automatic stay in order to continue with the foreclosure.

The Bank now seeks such relief solely "for cause" under 11 U.S.C. § 362(d)(1)[2], arguing specifically that it lacks adequate protection because its slim equity cushion is being eroded by the daily accrual of interest and charges. The Bank asserts that the Debtor owes it $6,803,860.71 in principal, interest, attorney's fees and costs; interest continues to accrue at the

1. The facts set forth in this memorandum are the facts alleged in the Bank's motion, which the Court accepts as true for the purposes of this memorandum. The Court has taken no evidence and made no findings.

2. Section 362(d)(1) provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... for cause, including the lack of adequate protection of an interest in property of such party in interest."

**8**

rate of $2,048.84 per day. The Bank also contends that the value of the property is approximately $7,400,000, giving it a current equity cushion of 7.7% of the amount of the debt, which cushion is decreasing (due to interest accrual alone) at the rate of approximately $61,465.00 per month.[3] The Bank also contends that the equity cushion is the only form of protection the Debtor can provide to the Bank. This in sum is the evidence the Bank has offered to prove. The Bank argues that on these facts, it lacks a sufficient equity cushion, is not adequately protected, and so should be given leave to foreclose.

The Court disagrees because it rejects the premise of the Bank's argument: that an oversecured creditor is entitled to the protection of an equity cushion. Instead, I agree with and adopt Judge Queenan's reasoning and holding in *In re Andrew J. Lane*, 108 B.R. 6 (Bankr.D.Mass.1989): oversecured and undersecured creditors alike are entitled to adequate protection only of the value of their interest in the collateral. And because the value of the secured creditor's interest in the collateral cannot exceed the allowed amount of the claim it secures, "there is no lack of adequate protection when the equity cushion above that amount is eroding through either a decline in collateral value or an increase in the claim due to the accrual of interest or expenses." *Id.*, p. 8.[4]

The Bank has not alleged that the value of its collateral is decreasing. Therefore, it has not alleged sufficient "cause" to grant relief from the automatic stay under § 362(d)(1), the erosion of its equity cushion notwithstanding. Accordingly, the Bank's motion for relief from stay has been *denied.*

---

3. The Bank adds to this debt the attorney's fees and collection costs that continue to accrue; and it notes that its equity cushion is further eroded by a senior municipal tax lien of approximately $70,000.

4. Having so decided, I need not address the Debtor's offer of adequate protection.